[Civ. No. 2757. Third Appellate District.—April 29, 1924.]

DAVIS–HELLER–PEARCE CO. (a Corporation), Respondent, v. W. F. RAMONT et al., Defendants; R. J. BIAGGI, Appellant.

[1] SUMMONS—SERVICE BY PUBLICATION—AFFIDAVIT BY STRANGER.—An affidavit for an order for service of summons by publication may be made by a disinterested stranger to the action, who is familiar with the facts.

[2] ID.—AFFIDAVIT ON INFORMATION AND BELIEF.—An affidavit on information and belief that the defendant is a resident of another state is sufficient to obtain an order for service of summons by publication, where the affiant shows due diligence in acquiring the information upon which to base his belief.

[3] ID.—EXISTENCE OF CAUSE OF ACTION—REFERENCE TO UNVERIFIED COMPLAINT.—Such affidavit sufficiently shows that a cause of action exists against the defendant where the complaint, although not verified, states a cause of action against the defendant, and the affidavit recites that "Affiant . . . has read the complaint . . . and knows the contents thereof, and the same is true of his own knowledge, except as to those matters therein stated on information or belief, and as to those matters that he believes it to be true."

[4] ID.—SERVICE OUTSIDE STATE—FILING OF CERTIFICATE OF RESIDENCE. An affidavit for an order for service of summons by publication need not show that the defendant has not filed the certificate of residence provided for by section 1163 of the Code of Civil Procedure, where service is sought to be made upon the defendant by publication upon the ground that the defendant resides out of the state and is a resident of another state.

(1) 32 **Cyc.**, p. 474 (1926 Anno.). (2) 32 **Cyc.**, p. 480. (3) 32 **Cyc.**, p. 478 (1926 Anno.). (4) 32 **Cyc.**, p. 475.

APPEAL from an order of the Superior Court of Stanislaus County denying a motion to quash service ·of summons and to vacate and set aside default and judgment. L. W. Fulkerth, Judge. Affirmed.

The facts are stated in the opinion of the court.

William R. Biaggi, H. A. Gabriel and George W. Waldorf for Appellant.

3. See 21 **R. C. L.** 1294.

J. M. Walthall and E. H. Zion for Respondent.

FINCH, P. J.—This appeal is from an order denying the motion of defendant R. J. Biaggi, substituted as defendant for George Biaggi, "to quash the service of summons" on the latter and "to set aside and vacate the default and judgment against" him. The court ordered service of summons by publication upon George Biaggi. In lieu of such publication, he was personally served with a copy of the summons and complaint in the state of Arizona, which service, under the provisions of section 413 of the Code of Civil Procedure, "is equivalent to publication and deposit in the post-office." The only question presented by the appeal is whether the affidavit for publication is sufficient. The affidavit reads as follows:

"L. L. Dennett, being duly sworn, deposes and says:

"That he is an attorney at law, residing at Modesto, in the County of Stanislaus and State of California; that he is personally acquainted with W. R. Biaggi, the brother of George Biaggi, defendant above named: That he was the attorney for W. F. Ramont in a suit in the Superior Court of the County of Stanislaus and State of California, in which George Biaggi was plaintiff and W. F. Ramont was defendant, and W. R. Biaggi was attorney for said defendant, which said case is now on appeal from the judgment of the Superior Court of the County of Stanislaus and State of California; that he has corresponded with W. R. Biaggi, the brother of said George Biaggi, and was informed by him that said George Biaggi was out of the state in a hospital, and that the summons and complaint in the above-entitled action was sent to the Sheriff of the County of Santa Clara, State of California, which was the county of the former residence of said defendant, George Biaggi, with instructions to serve the said summons and complaint upon said George Biaggi, but that the said summons and copy of summons and complaint were returned by the said sheriff with a statement by H. A. DeLacy, Under Sheriff, that said George Biaggi is in a hospital at Tucson, Arizona, and that the said sheriff was so informed by the brother of said George Biaggi, to wit, by W. R. Biaggi, and that affiant is informed and believes, and so states the fact to be, that said George Biaggi does not reside in the said State of

California, but now resides out of the State of California, and that his present address is Tucson, Arizona.

"Affiant further states that he has read the complaint on file herein, and knows the contents thereof, and that the same is true of his own knowledge, except as to those matters therein stated on information or belief, and as to those matters that he believes it to be true."

[1] It is contended that the affidavit was insufficient because, in so far as appears from the record, it was made by a stranger to the action. It is only required that the necessary facts appear "by affidavit to the satisfaction of the court, or a judge thereof." (Code Civ. Proc., sec. 412a; *Rue* v. *Quinn,* 137 Cal. 651, 655 [66 Pac. 216, 70 Pac. 732].) In *Gardner* v. *Steadman,* 31 Cal. App. 447 [160 Pac. 834], it is said: "Section 396 of the Code of Civil Procedure provides that the affidavit of merits upon motion for change of place of trial must be filed by the defendant. . . . We see no reason for holding that an affidavit of merits may not be made by any person on behalf of the defendant who is sufficiently familiar with the facts of the case to make the same." Since the statute does not designate the person by whom the affidavit shall be made, it would be illogical to hold that the affidavit of a disinterested stranger to an action, who is familiar with the facts, is not entitled to as much weight as that of an interested party.

[2] It is urged that affiant's statement that George Biaggi's residence was in Tucson, Arizona, was insufficient because made on information and belief. The contention is without merit. (*Rue* v. *Quinn, supra.*) As a general rule it would be impracticable to state the place of residence of a person in another state except on information and belief. Affiant showed due diligence in acquiring information upon which to base his belief. "Oftentimes affiant's knowledge of matters stated in his affidavit must of necessity rest upon information derived from others, and where this is the case it is generally sufficient if he aver that such matters are true to the best of his knowledge and belief." (2 C. J. 355.)

[3] It is argued that the affidavit does not show that a cause of action existed against George Biaggi. The complaint was not verified. Affiant, however, "states that he has read the complaint on file herein, and knows the contents

thereof, and that the same is true of his own knowledge, except as to those matters therein stated on information or belief, and as to those matters that he believes it to be true.'' The only allegation of the complaint relative to George Biaggi which is stated on information and belief is to the effect that he had or claimed some interest in the land described in the complaint. In *Ligare* v. *California S. R. R. Co.*, 76 Cal. 610, 612 [18 Pac. 777, 779], it is said: ''The affidavit could refer to any document on file, and adopt its contents. In such case, the oath to the affidavit is an oath to the truth of the document referred to. The affidavit here did refer to the original complaint and adopt its contents, and this complaint stated a cause of action. The fact that a cause of action existed, therefore, appeared from the affidavit. And, as above shown, it made no difference that the document which was then performing the functions of a complaint was not verified.'' Appellant urges, however, that the affidavit ''does not refer to and adopt the allegations of the complaint.'' It is not apparent in what manner the affiant could have more certainly referred to and adopted the averments of the complaint without setting them out at length. If the facts stated in the complaint are not true, then the affiant committed perjury. ''The chief test of the sufficiency of an affidavit is whether it is so clear and certain that an indictment for perjury may be sustained on it if false.'' (2 C. J. 348.)

[4] The affidavit does not show that George Biaggi had not filed the certificate of residence provided for by section 1163 of the Civil Code. The statute, however, requires such showing only ''where service is sought to be made upon a person by publication upon the ground that he cannot, after due diligence, be found within the state. The order for publication of summons is based upon the ground, as stated therein, ''that the said defendant resides out of the state, and is now a resident of Tucson, Arizona.'' It was not necessary, therefore, for the affidavit to state that no certificate of residence had been filed.

The motion to vacate the judgment appears to be without merit from either legal or equitable considerations. George Biaggi was personally served on the nineteenth day of September, 1921. His default was not entered until February 1, 1922. Judgment was thereupon entered and pursuant

thereto the property in controversy was sold by the sheriff February 25, 1922. December 30, 1922, notice was filed stating that the motion would be made on the eighth day of January, 1923.

The order is affirmed.

Plummer, J., and Hart, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1924.

All the Justices concurred.