[S. F. No. 14620. In Bank.—January 20, 1933.]

CITY OF SALINAS, Respondent, v. LUKE KOW LEE, Appellant.

L. C. Pistolesi, Franklin B. Worley and F. P. Feliz for Appellant.

Russell Scott and Stanley K. Lawson for Respondent.

WASTE, C. J.—This action was brought to foreclose a street assessment lien. The service of summons was by publication, and judgment against the defendant was entered by default January 24, 1927. Motion to set aside the judgment was made September 28, 1931, more than four years after its entry. Stated generally, the motion was grounded on an asserted want of jurisdiction in the trial court over the person of the defendant. The motion to vacate was denied and from the order denying the same the defendant prosecutes this appeal.

■ It is, of course, settled that a judgment void on its face may be set aside at any time by the court entering the same, either upon its own motion or at the request of the parties thereto. (*Baird* v. *Smith*, 216 Cal. 408 [14 Pac. (2d) 749]; *Lake* v. *Bonynge*, 161 Cal. 120, 126 [118 Pac. 535].) At the time of the entry of appellant's default and up to and including the time of the making of the motion to vacate, the affidavit of publication, which, of course, constitutes a part of the judgment-roll, indicated that the summons had been published for "one month". Under section 413 of the Code of Civil Procedure and under the order of the court below directing publication of summons, which order also forms a part of the judgment-roll (sec. 670, Code Civ. Proc.), it was essential in order to acquire jurisdiction of the person of the appellant, he being then out of the state, that summons be published for "two months". Upon the making of the motion to vacate it thus appeared on the face of the judgment-roll that publication of summons had been for an insufficient period. To overcome this apparent deficiency and to cause the record to speak the truth the court below, in response to a cross-motion of the respondent, permitted the filing of an amended affidavit of publication wherein it was made to appear that summons had, in fact, been published for a period of *two months* as required by law and the order directing such publication. ■ It was well within the province of the court below to permit the filing of such amended affidavit of publication, even though several years had then elapsed since the entry of the judgment, for it is now well settled that it is the *fact* of service and not the *proof* of service which determines the validity or invalidity

of a judgment. (*Herman* v. *Santee,* 103 Cal. 519, 523–525 [37 Pac. 509, 42 Am. St. Rep. 145]; *In re Newman,* 75 Cal. 213, 220 [16 Pac. 887, 7 Am. St. Rep. 146]; *Allison* v. *Thomas,* 72 Cal. 562, 564 [14 Pac. 309, 1 Am. St. Rep. 89]; *Spaulding & Co.* v. *Chapin,* 37 Cal. App. 573, 577 [174 Pac. 334].)

The rule is well stated in Freeman on Judgments, fifth edition, page 370, section 193, wherein the following appears: "As a general rule, an officer who has made a return of process will be permitted to amend such return at any time. If the return upon the summons or other writ designed to give the court jurisdiction over the person of the defendant is omitted or incorrectly made, but the facts really existed which were required to give the court jurisdiction, the weight of authority at the present time permits the officer to correct or supply his return until it states the truth, though by such correction a judgment apparently void is made valid. Though the proof of the service of process does not consist of the return of an officer, the like rule prevails. Thus if a summons has been published in the manner required by law, but the proof of publication found in the files of the court is defective, the court may, on the fact of due publication being shown, permit an affidavit to be filed showing the facts, and when so filed it will support the judgment as if filed before its entry."

In the case of *Herman* v. *Santee, supra,* the filing of the amended affidavit of service of summons was permitted approximately one year after the entry of judgment. Such proof is permitted not for the purpose of authorizing the court to enter a new judgment, but to show that the judgment previously entered was not without jurisdiction, and never was void.

However, even in the absence of the amended affidavit showing proper service, we would be disinclined to agree with appellant's contention that the judgment is void on its face and therefore amenable to a motion to vacate made more than four years after its entry. Having been made long after the expiration of the period prescribed in section 473 of the Code of Civil Procedure, such motion is governed by the rules applicable to collateral attack and must therefore be presented and determined upon the judgment-roll alone. (*In re Morehouse,* 176 Cal. 634, 636 [169 Pac.

365] ; *Lake* v. *Bonynge, supra; Canadian etc. Co.* v. *Clarita,* 140 Cal. 672, 674 [74 Pac. 301] ; 15 Cal. Jur. 47, sec. 139.) This being so, every presumption is in favor of the validity of the judgment, and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it. (*Canadian etc. Co.* v. *Clarita, supra; In re Eichhoff's Estate,* 101 Cal. 600, 605 [36 Pac. 11].) The judgment here assailed declares that "the default of the defendant herein has been *duly and regularly* entered in this cause in accordance with law and the order of this court." This jurisdictional recital in the judgment constitutes a part of the judgment-roll. It does not appear that said recital was at all based upon the original and deficient affidavit of publication. It may well be that prior to or at the time of the entry of judgment it was made to appear to the trial court by other means that due publication of summons had been had. It will therefore be presumed in support of the judgment, and in conformity with the above-cited cases, that proof other than the original affidavit was introduced satisfying the court below of the fact of due and proper service of the defendant and of the regularity of the default. In discussing a somewhat similar situation it was said in *Hahn* v. *Kelly,* 34 Cal. 391, 408 [94 Am. Dec. 742] : "So in the case of a service by publication—if the affidavit of the printer states that the summons was published one month, and yet the court in its judgment states that it was published three, or that service has been had upon the defendant, it will be presumed that other proof than that contained in the judgment roll was made, for not to so presume would be to deny to the record that absolute verity which must be accorded to it." In this regard see, also, *Sacramento Bank* v. *Montgomery,* 146 Cal. 745, 750–755 [81 Pac. 138]; *Musser* v. *Fitting,* 26 Cal. App. 746, 751 [148 Pac. 536].

Appellant next contends that the judgment is invalid because of the asserted insufficiency of the affidavit for publication of summons. Citing section 412 of the Code of Civil Procedure, appellant urges that the affidavit fails to state "either that no certificate designating the place where summons might be served on the defendant had been filed or that if filed the defendant could not be found

by the sheriff at the place designated." The point is without merit. As already indicated, service of summons by publication was had in this case on the ground that appellant at the time resided out of the state. In such a situation it is not necessary for the affidavit to state that a certificate of residence had not been filed. (*Davis* v. *Ramont*, 66 Cal. App. 778, 781 [226 Pac. 972, 973].) The case of *McPhail* v. *Nunes*, 38 Cal. App. 557 [177 Pac. 193], relied on by appellant, is readily distinguishable from the present case, for there the affidavit for publication was made on the ground that the defendant after due diligence could not be found within the state. In such a case, it is essential that the affidavit aver the existence or nonexistence of a certificate of residence. The matter is discussed in *Davis* v. *Ramont, supra,* wherein it is said: "The affidavit does not show that [defendant] had not filed the certificate of residence provided for by section 1163 of the Civil Code. The statute, however, requires such showing only 'where service is sought to be made upon a person by publication upon the ground that he cannot, after due diligence, be found within the state'. The order for publication of summons is based upon the ground, as stated therein, 'that the said defendant resides out of the state, and is now a resident of Tucson, Arizona'. It was not necessary, therefore, for the affidavit to state that no certificate of residence had been filed."

■ Appellant next urges that the verified complaint fails to state a cause of action and will not, therefore, support an order for publication of summons. Respondent replies, and inspection of the record satisfies us as to the correctness of its position, that this point was not urged in the court below in support of the motion to vacate, but is advanced for the first time on appeal, and under well-settled principles is not entitled to consideration. With this conclusion we are in accord. However, a consideration of the point on its merits would not require a reversal of the order refusing to vacate. We are satisfied that the complaint states a cause of action under the Improvement Bond Act of 1915, as amended in 1923. (Stats. 1923, pp. 415, 416.) Appellant's contention is based on the misapprehension that the complaint herein was drawn under

the Street Improvement Act of 1911, as amended in 1915. (Stats. 1915, p. 1464.) Such is not the case.

The order is affirmed.

Langdon, J., Curtis, J., Preston, J., Seawell, J., and Shenk, J., concurred.