[Civ. No. 9820.   First Appellate District, Division Two.—May 27, 1935.]

## DONG CHUN LEN, Respondent, v. LUKE KOW LEE, Appellant.

Franklin B. Worley for Appellant.

Harry L. Noland and Sisti Segretti, Jr., for Respondent.

STURTEVANT, J.—From a judgment in favor of the plaintiff in an action to quiet title, one of the defendants, Luke Kow Lee, has appealed and has brought up a bill of exceptions.

Prior to 1927 the defendant was the owner of the property, two lots in the city of Salinas. He made a visit to China. In his absence a street improvement proceeding was commenced and conducted to a conclusion. That proceeding resulted in a sale of the property for nonpayment of the defendant's assessment. In 1930 the defendant returned to Salinas and on learning what had taken place he appeared in the street assessment proceedings and applied for relief. His motion was denied and he appealed, but the order denying his motion was affirmed. (*City of Salinas* v. *Luke Kow Lee*, 217 Cal. 252 [18 Pac. (2d) 335].) After the *remittitur* went down this plaintiff commenced an action under the provisions of section 749 et seq. of the Code of Civil Procedure. This defendant appeared and answered. On the trial the plaintiff introduced evidence by which she sought to establish title (1) by adverse possession for twenty years, and (2) by virtue of the judgment in *City of Salinas* v. *Luke Kow Lee, supra*. The trial court made findings in favor of the plaintiff. It did not find that the plaintiff established title by adverse possession for twenty years but that she did establish title by adverse possession for five years.

We will take up first her claim of title as by adverse possession. She commenced this action on December 29, 1933. At the sheriff's sale the property was sold to C. W. Stanfield and was by him conveyed to A. H. Bordges. On August 24, 1928, Bordges conveyed to Collin H. Dong. From that date on there is evidence of adverse possession by the plaintiff and her grantors for a period exceeding five years, and a full compliance with the law. (*Montgomery & Mullen L. Co.* v. *Quimby*, 164 Cal. 250 [128 Pac. 402].)

But the defendant asserts the plaintiff's possession was interrupted. She points to the unsuccessful attempt on the part of the defendant to set aside the sale made by the sheriff in the foreclosure proceedings. (*City of Salinas* v. *Luke Kow Lee, supra*.) The point may not be sustained. The defendant cites and relies on *Alta Land & Water Co.* v. *Hancock*, 85 Cal. 219 [24 Pac. 645, 20 Am. St. Rep. 217], and *Armstrong* v. *Payne*, 188 Cal. 585 [206 Pac. 638]. Neither case is controlling. In both cases a prescriptive title to the use of waters was involved. The law on that subject is not necessarily the same as the law applicable to a claim of title by an adverse possession of a tract of land. (1 Cal. Jur.,

pp. 522 and 597.) Again, in neither case was the element of unsuccessful litigation involved. ■ In 2 C. J. 109 the rule is stated as follows: ''While it is the rule in some jurisdictions that the mere bringing of suit against the adverse claimant breaks the continuity of possession, the decided weight of authority is that an unsuccessful action leading to no change of possession does not arrest the running of the statute of limitations, and this is true whether the action is prosecuted to judgment or compromised, or whether the suit is voluntarily abandoned or dismissed for want of prosecution.'' In *Langford* v. *Poppe,* 56 Cal. 73, at page 76, the court said: ''The acquisition of a right by adverse possession depends upon the adverse holding of the person claiming the right, and not simply upon the acts of one claiming a paramount title, who has been in a position to assert his title during the statutory period. The dismissal of defendant's action of ejectment terminated his right to claim anything by virtue of that action; and the facts that plaintiff and his predecessors contested the action, and refused to surrender the possession, only tend to prove that their possession was *adverse.*'' (Italics by the court.) In *Breon* v. *Robrecht,* 118 Cal. 469, at page 470 [50 Pac. 689, 51 Pac. 33, 62 Am. St. Rep. 247], the court said: ''It is true that the mere commencement of an action of ejectment which is afterward dismissed does not disturb an adverse possession.'' (See, also, *Cobe* v. *Crane,* 173 Cal. 116 [159 Pac. 587].) We think it is clear that the foregoing cases show the rule obtaining in this state is the same as that delineated in 2 C. J. 109, as quoted above. True it is that in the cases which we have cited the unsuccessful litigation consisted of actions in ejectment, whereas, in the instant case, the litigation consisted of motions made in a pending proceeding, the foreclosure action. But the distinction does not help this defendant.

■ The defendant complains because the trial court, over his objection and exception, admitted in evidence the deed from the sheriff to A. H. Bordges. He claims that said deed was void on its face. If the record showed that the plaintiff entered under that deed the point might have some merit. (*Wright* v. *Mattison,* 18 How. 50 [15 L. Ed. 280].) But she did not do so. She entered under a deed from C. H. Dong which was properly admitted in evidence and to which no objection was made. The latter deed showed color of

title. (*Packard* v. *Moss*, 68 Cal. 123, 129 [8 Pac. 818].) It follows that the ruling admitting the Bordges deed was immaterial. This is so because, under the theory of title by adverse possession, the plaintiff was not bound to produce evidence of a record title. It follows that the trial court did not err in entering its judgment based on the claim to adverse possession. That being so, it is not necessary to discuss any of the points made by the defendant regarding the invalidity of the judgment in the case of the *City of Salinas* v. *Luke Kow Lee, supra.*

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.