[Civ. No. 11874. First Dist., Div. Two. Nov. 24, 1941.]

Guardianship of the Person and Estate of PATRICK WALL, an Incompetent Person. PATRICK WALL, an Incompetent Person, etc., Appellant, v. THE ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO (a National Banking Corporation) et al., Respondents.

Sullivan, Roche & Johnson and John O'Gara for Appellant.

Jesse H. Steinhart, John J. Goldberg and Fred L. Berry for Respondents.

STURTEVANT, J.—From an order refusing to grant his motion for an order declaring null and void an earlier order appointing two guardians of his person and a guardian of his estate, Patrick Wall, an alleged incompetent, by and through Emmet Daly, his guardian *ad litem*, has taken this appeal and has brought up the judgment roll.

On April 25, 1939, Stella G. Gentry filed a petition asking the probate court to make an order appointing two persons as guardians of the person of said incompetent and Crocker First National Bank of San Francisco as guardian of the estate of said incompetent person. The court ordered the petition set for hearing and also ordered a citation to be issued and served. The hearing was so set for the 2nd day of May, 1939. A citation was issued on the 25th day of April, 1939. It recited:

"By order of the above entitled court, you are hereby notified that Stella G. Gentry has made application that Dr. Ernst A. Victors and Helen Forster be appointed guardians of your person, and that Crocker First National Bank of San Francisco be appointed guardian of your estate, and that Tuesday, the 2nd day of May, 1939, at the hour of 10 o'clock A. M. of said day, in the court room of Department No. 9 of said court, in the City Hall, City and County of San Francisco, State of California, has been set as the time and place for the hearing of said petition. . . . " As shown by the affidavit attached thereto, Jack Poole " . . . served the within citation by showing the said within original to Patrick Wall and delivering a true copy thereof to him on the 25th day of April, 1939, at the City and County of San Francisco." On May 2, 1939, a hearing was had on said petition. On the same day the court made an order. Among

others it contains a recital "and due proof having been made that personal notice of said application was given by citation in the manner and at the time required by law and the previous order of this court aforesaid. . . . " Continuing the court ordered Beatrix Saunders and Dr. Victors appointed as guardians of the person of said incompetent person and The Anglo California National Bank of San Francisco appointed as guardian of his estate. Letters issued May 3, 1939. Nothing to the contrary appearing, we may assume each duly qualified and commenced to act.

On September 14, 1940, said incompetent filed his notice of motion to have said order dated May 2, 1939, declared null and void. Said notice recited that his motion would be based " . . . upon the ground that said Superior Court never acquired jurisdiction over the person of said Patrick Wall for the reason that the citation which was issued by the Clerk of said Superior Court on the 25th day of April, 1939, upon the filing of the petition of Stella G. Gentry praying that Dr. Ernst A. Victors and Helen Forster be appointed guardians of the person of said Patrick Wall, and that The Crocker First National Bank of San Francisco be appointed guardian of the estate of said Patrick Wall, was not served in the manner required by law for the service of citations in this that no copy of the said petition of Stella G. Gentry was served upon said Patrick Wall with a copy of said citation. Said motion will be supported by certain of the records and files of said Court which were before said Court at the time of making said order purporting to appoint said guardians on the 2nd day of May, 1939, that is to say by these certain records and files, towit:

"(1) The petition of Stella G. Gentry.

"(2) The said citation.

"(3) The affidavit of service signed by Jack Poole and sworn to on the 26th day of April, 1939, and prior to or on the 2nd day of May, 1939, filed in the office of the Clerk of said Superior Court.

"(4) Said order appointing guardians dated and filed on the 2nd day of May, 1939, in the above entitled matter."

On October 1, 1940, said guardians filed a verified opposition to the granting of said motion. In said pleading, among other things, they alleged notice of the hearing on May 2, 1939, "was duly and regularly made and given by the above

entitled court on May 2, 1939, pursuant to the proceedings duly and regularly had as required by law following notice to said above named incompetent within the time and in the manner required by law and the order of said court, by reason whereof the above entitled court did at all of the times herein mentioned have full and proper jurisdiction of the person of said incompetent and to make the said order. All of the foregoing appears on the face of the judgment roll and record of proceedings of the above entitled matter.'' The motion and opposition were heard on October 1, 1940. The motion was denied and the opposition was sustained on October 30, 1940. The written order thereon was filed November 1, 1940. Among other things it recites: ''and documentary evidence having been offered and received on behalf of said guardian *ad litem* consisting of the petition of Stella G. Gentry for appointment of guardians, on file herein, the citation issued to said Patrick Wall on April 25, 1939, pursuant to the order of this Court, which citation is on file herein, the affidavit of service of said citation signed and sworn to on April 26, 1939, by Jack Poole, on file herein, and the order of the above-entitled Court dated May 2, 1939, appointing said guardians of the person and estate of said Patrick Wall, which said order is on file herein, and no other evidence, oral or documentary having been offered or received at said hearing, or in support of said motion,'' and as stated above the motion was denied and the opposition was sustained. That is the order from which this appeal is taken.

 The appellant asserts that he was not served with a copy of the *petition* and therefore the *citation* was not served '' . . . in the same manner as provided by law for service of summons'' (Probate Code, sec. 1461), and the trial court exceeded its jurisdiction. However, the record does not show that he was not served with a copy of the petition. The order appointing guardians recites that '' . . . due proof having been made that personal notice of said application was given by citation in the manner and at the time required by law. . . . '' Poole, in his affidavit, affirmed he served the citation. He did not affirm that he did not serve, and that no one else served, a copy of the petition. The order denying the appellant's motion recites that '' . . . documentary evidence consisting of . . . '' the

documents making up the judgment roll, was received " . . . and no other evidence, oral or documentary, having been received or offered in support of said motion." ■ The appellant's motion was made in a pending proceeding sixteen months after the order dated May 2, 1939, was made. It was not authorized by section 473 of the Code of Civil Procedure. Said motion is governed by the rules applicable to collateral attack and must therefore be determined upon the judgment roll alone. (*City of Salinas* v. *Luke Kow Lee*, 217 Cal. 252, 255 [18 Pac. (2d) 335].) ■ Under such an attack it will be presumed that, as to notice of the applications for guardianship, other proof than that contained in the judgment roll was made. (*Hahn* v. *Kelly*, 34 Cal. 391, 408 [94 Am. Dec. 742].) ■ It follows that as the contention of the appellant is not supported by anything contained in the judgment roll it may not be sustained.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 21, 1942.