[Crim. No. 3521.   First Dist., Div. Two.   Aug. 4, 1958.]

THE PEOPLE, Respondent, v. CHARLES
WEATHERS, JR., Appellant.

Edward T. Mancuso, Public Defender (San Francisco), for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DRAPER, J.—Defendant, after trial by the court without a jury, was convicted of possession of marijuana and sentenced to prison. He appeals from the judgment and the order denying new trial. His principal contention is that the marijuana was improperly admitted because it was the product of an illegal search and seizure.

In the early evening of October 10, a police officer attached to the Juvenile Bureau interviewed JoAnne, a 14-year-old girl who had been a runaway. She told of visiting appellant's apartment the preceding afternoon with one Ellingham, also a juvenile. She said appellant produced marijuana which he and Ellingham smoked, and that they offered her some. She said that the same evening (October 9), she, appellant and Ellingham went to Ellingham's apartment. Appellant took marijuana with him, smoked it, and offered some to JoAnne and her friend, Susan, also 14 and also a runaway. Following this conversation with JoAnne, the police officer separately interviewed Susan, who fully corroborated the portion of JoAnne's conversation involving her. The officer then, in the early morning of October 11, went to the apartment of Ellingham, who was a Youth Authority parolee. Ellingham confirmed the stories of the two girls as to the marijuana. Additionally, he said that appellant and he had stolen a described automobile at a specified location some days before, and had abandoned it near Land's End in San Francisco. The officer checked the stolen car records and found that they bore out Ellingham's story as to the car. With all this information, the investigating officer and another went to appellant's apartment at 4:30 a.m. October 11, demanded entry, seized a can of marijuana standing in plain sight on the dresser next to the bed occupied by appellant, and arrested him.

It would seem difficult to imagine a more convincing case of probable and reasonable cause to believe a felony had been committed by appellant. He, however, argues that the police officer was not justified in relying upon the statements of a Youth Authority parolee and two admitted violators of the Juvenile Court Law. But it is the credibility of the officer

and the soundness of his reasons for relying on· the informant which is the primary question. The reliability of the informant is not paramount. (*People* v. *Dean,* 151 Cal.App.2d 165, 167 [311 P.2d 85].) ▉ Further, the weight to be accorded the information upon which the arresting officer acts is a question of fact for the trial court. (*Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506, 510 [310 P.2d 180]; *People* v. *Gonzales,* 141 Cal.App.2d 604, 607 [297 P.2d 50].) ▉ Here the three juveniles, all of whom were fully identified at the trial, told identical stories of appellant's possession of marijuana, although they had no apparent reason or opportunity for fabrication. The information of one juvenile as to the stolen car was confirmed by police records. Certainly we have no reason to find any abuse of discretion by the trial court in its finding that there was reasonable cause for the arrest of appellant and the search of his residence. The fact that Ellingham, at trial, denied the statement to the officer and made a number of conflicting statements does not destroy the basis for the trial court's conclusion that the officer, at the time of the arrest and search, had reasonable cause to make them.

▉ Appellant also argues that the evidence is insufficient to show that he possessed the contraband substance knowing it to be a narcotic. He testified that the marijuana was not his but had been left with him by a friend. Some of his testimony seeks to deny that he knew the substance was marijuana. Both knowledge and possession may, however, be established by circumstantial evidence. (*People* v. *Robarge,* 151 Cal.App. 2d 660, 668 [312 P.2d 70].) Here there was such evidence and, additionally, there was testimony of appellant's extrajudicial admissions that he knew the substance to be marijuana and that he possessed it.

Judgment and order denying new trial affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied September 3, 1958, and appellant's petition for a hearing by the Supreme Court was denied October 1, 1958.