[Crim. No. 9833.   Second Dist., Div. Two.   July 12, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHNNIE
CHRIS BISHOP, Defendant and Appellant.

Thomas L. McDonald, under appointment by the District
Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Anthony M. Summers,
Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J. — Appellant was convicted in a nonjury trial, of two counts of violating Health and Safety Code, section 11531: selling or furnishing etc. marijuana, occurring respectively on August 19 and 30, 1963. The appeal is from the order suspending the proceedings and granting probation. (*People* v. *Robinson*, 43 Cal.2d 143 [271 P.2d 872].)

On September 20, 1963, Officer Allen took a crime report from Sue Lynn Warren, a minor, who admitted purchasing marijuana from appellant. He transmitted this information to officers Schneider and McFarland who were on duty in the field and gave appellant's address to the officers.

The officers, relying solely on this information so received, proceeded to appellant's apartment, knocked on the door and when appellant answered, identified themselves and placed appellant under arrest. A search of the apartment contemporaneously made, uncovered a marijuana cigarette lying on a bedstand in the bedroom. This evidence was introduced at the trial for the limited purpose of showing appellant's knowledge of the narcotic nature of the cigarettes furnished on the dates alleged in the information.

The victim of the transaction, Sue Lynn Warren, who signed the crime report, did not testify at the trial. However, Margaret Ann Carter, a friend of the victim, who was present at the time of the sales, testified that on August 19, 1963, she saw appellant give Sue a cigarette rolled in a wrinkled, yellowish paper, pointed at each end. The cigarette was made by appellant from materials taken from a bag in the closet of appellant's apartment, and contained brown leafy material mixed with seeds and sticks. Margaret noticed that the cigarette did not smell like ordinary cigarettes, and that Sue spoke incoherently after smoking it, although she had not been drinking. Margaret testified that on the second occasion, August 30, 1963, (Count II), Sue asked appellant for a "joint" and then gave appellant some money for a cigarette similar to the one smoked on the prior occasion with the same effects on Sue Lynn's speech.

On the basis of the testimony of Margaret, Officer Hathaway testified that in his opinion, as an expert narcotics officer, the cigarettes so furnished and smoked, were marijuana.

Appellant's sole contention is that he was arrested without probable cause. This contention is based on appellant's misapprehension of the facts clearly disclosed by the record.

Appellant argues that the information supplied to Officer Allen and then transmitted by him to the arresting officers,

660

was supplied by another participant in the transaction, one Linda Kuhmemeyer, and that the information obtained from Linda was coerced and is therefore tainted. The record does show that some information was obtained from Linda on an occasion when she was abruptly and without notice taken into custody while she was in school and that she was "scared".

However, the record also clearly shows that the information given to Officer Allen and thereafter transmitted by him to the arresting officers, was supplied by Sue Lynn Warren, not Linda Kuhmemeyer. On the basis of Sue's crime report to Officer Allen, the arresting officers had probable cause to arrest appellant. The limited use of the cigarette found in appellant's apartment as evidence of knowledge of what a marijuana cigarette is, is not erroneous. (*People* v. *Daily*, 157 Cal.App.2d 649 [321 P.2d 469].)

Two errors appear in the transcript which are not discussed in appellant's brief, which require discussion. The record shows that Officer Allen, after an objection had been made that it was not proper rebuttal, but overruled, testified to a conversation with appellant on September 24, 1963, at the Police Administration Building, wherein appellant admitted that both girls (Margaret and Sue Lynn) had stayed in his apartment; that marijuana was smoked there, but that he did not furnish the marijuana, and further, that since the age of 13, he had smoked about 2,000 joints, i.e., marijuana cigarettes. This testimony was used to rebut appellant's testimony given when he testified in his own defense that narcotics were not used in his apartment, and that he had little or only vague familiarity with marijuana.

We are of the opinion that appellant's objection to the evidence should have been sustained. The testimony was clearly pertinent to a material issue of the prosecution's case: appellant's knowledge of narcotics, and should not have been held back for rebuttal purposes. *People* v. *Carter*, 48 Cal.2d 737 [312 P.2d 665]; *People* v. *Contreras*, 226 Cal.App. 2d 700, 702 [38 Cal.Rptr. 338]; *People* v. *Rodriguez*, 58 Cal. App.2d 415 [136 P.2d 626].)

The record, however, contains other susbstantial evidence introduced by the prosecution in its case in chief to show appellant's knowledge. We are of the opinion therefore that although improperly admitted, such admission was not prejudicial error.

The trial was pre-*Dorado*. It is clear that the conversation Officer Allen testified to was had when appellant

was under arrest and in custody. Guilt for the crime for which he had been arrested, had begun to focus on appellant and the questions to him were designed to elicit incriminating statements. Appellant was not advised of his constitutional rights and he did not waive them. The statements elicited and testified to by Officer Allen were not a confession to any of the crimes charged in the information. (*People* v. *Dorado*, 62 Cal.2d 338, 356 [42 Cal.Rptr. 169, 398 P.2d 361]; *People* v. *Robinson*, 62 Cal.2d 889 [44 Cal.Rptr. 762, 402 P.2d 834].) They do not constitute prejudicial error. They were merely supplemental evidence on the issues of appellant's knowledge of narcotics and whether narcotics were used in the apartment, both of which were amply supported by other evidence. (*People* v. *Hillery*, 62 Cal.2d 692 [44 Cal.Rptr. 30, 401 P.2d 382]; *People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243]; Cal. Const. art. VI, § 4½; *People* v. *Parham*, 60 Cal.2d 378, 385 [33 Cal.Rptr. 497, 384 P.2d 1001]; *People* v. *Finn*, 232 Cal.App.2d 422 [42 Cal.Rptr. 704].)

The order suspending proceedings and granting probation is affirmed.

Fleming, J., and Frampton, J. pro tem.,* concurred.

*Assigned by the Chairman of the Judicial Council.