**R. D. PENDLETON, Appellant,**

v.

**Louis S. NELSON, Warden, San Quentin Prison, et al., Appellees.**

No. 22463.

United States Court of Appeals
Ninth Circuit.

Dec. 26, 1968.

R. D. Pendleton, pro per., for appellant.

Thomas C. Lynch, Atty. Gen. of Calif., Robert R. Granucci, Ronald H. Kearney, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

R. D. Pendleton, a California state prisoner in custody under two judgments of conviction for violation of state criminal statutes, applied to the district court for a writ of habeas corpus. The district court, without hearing, denied the application *sua sponte*. Pendleton appeals.

One judgment of conviction, entered on June 29, 1964, was for the state offenses of statutory rape and possession of marijuana, committed about January 1, 1964. The conviction for statutory rape was thereafter reversed, and the conviction for possession of narcotics was affirmed. People v. Pendleton, Crim. Nos. 10215, 10473, California District Court of Appeal, unreported.

Pendleton advances two reasons why he should be granted habeas relief with regard to his state conviction for the possession of narcotics. He argues first that confessions and admissions were obtained from him illegally because he was not given the warnings required by People v. Dorado, 62 Cal.2d 338, 42 Cal.Rptr. 169, 398 P.2d 361.

This state decision, however, has no application in federal habeas corpus proceedings. United States v. Williams, 9 Cir., 401 F.2d 901. The requirements of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, are inapplicable because both of these decisions were announced after Pendleton's trial commenced on June 1, 1964. See Johnson v. New Jersey, 384 U.S. 719, 733, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Secondly, Pendleton contends that articles received in evidence in the June, 1964 trial were obtained as the result of an unlawful search and seizure. The search and seizure, made incident to the arrest of Pendleton at his apartment, occurred at 7:30 a. m. one morning after police officers allegedly kicked in the door and entered. Pendleton argues that the officers did not have reasonable cause to make the arrest to which the search and seizure were incident.

Ordinarily the validity of an arrest by state officers is to be determined according to the law of the state where the arrest takes place. Ker v. California, 374 U.S. 23, 37, 83 S.Ct. 1623, 10 L.Ed.2d 726. California Penal Code § 836 provides, in part, that a peace officer may make an arrest without a warrant whenever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed.

The police officers had such reasonable cause in this case because the arrest for statutory rape was made on the basis of information received from a seventeen-year-old girl who told the police that she had had sexual intercourse with Pendleton after he had given her narcotics. Under California law, a citizen who purports to be the victim of a crime is a reliable informant even though his reliability has not theretofore been proven or tested. People v. Gard-

ner, 252 Cal.App.2d 320, 60 Cal.Rptr. 321, 324; People v. Bishop, 235 Cal.App. 2d 658, 45 Cal.Rptr. 533, 535. This search and seizure was therefore lawful.

We therefore hold that the district court did not err in rejecting, without hearing, Pendleton's claim that he had been deprived of his constitutional rights in the state proceedings with regard to the June 29, 1964, conviction.

The other judgment of conviction, entered on May 15, 1964, was for the state offenses of possession of marijuana and possession of marijuana for sale. These convictions were affirmed in the state court decision referred to above. Pendleton argues that he should be granted habeas relief with regard to these convictions because articles received in evidence were obtained as the result of two unlawful searches and seizures.

According to Pendleton's petition, both searches occurred on February 1, 1964, when Pendleton was free on bail following the above-described arrest for statutory rape and possession of narcotics. The first search took place after two police officers observed Pendleton and codefendant Hampton drive up to Pendleton's apartment and park in the driveway. Then Hampton was the driver of that vehicle and Pendleton was a passenger.

According to the petition, as the two stepped out of the car, the officers approached. They required Hampton to identify himself through his driver's license and then asked Pendleton: " * * * do you have any narcotics on you, or in the car?" Defendant alleged that he replied "No! You want to search me?", and that he then placed his hands in the air to submit to a personal search. Pendleton also alleged that, at the state trial, the officer testified that Pendleton made a different response, namely, "No, go ahead and look."

It therefore appears from the face of the habeas application that a factual dispute exists as to whether Pendleton told the officers that they could search the automobile. The district court, in denying the application without hearing, apparently overlooked the existence of this question of fact. Indeed, the court thought Pendleton had admitted that he consented to the search, saying in the order, "petitioner admits that he consented to each of the two separate searches."[1]

█ The described factual dispute was thus not adjudicated by the district court. Moreover, it could not have been determined without an evidentiary hearing unless the state court decided the question and the district court, after examining the state court record, concluded that the factual issue had been fairly considered and determined in the state case. See Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed. 2d 770.

Pendleton also alleged, in effect, that even if he said something at the time which the officers were entitled to regard as consent to search the automobile, it could not be, and was not, under the circumstances, a voluntary consent.

The district court rejected this contention, stating that since Pendleton alleged "no supporting facts whatever" the question of whether the consent to search the car was voluntary need not be considered. In our opinion, however, the allegations of the petition were adequate to raise the issue of the voluntariness of Pendleton's consent.

The factual issue presented was whether such consent "reflected an understanding, uncoerced, and unequivocal election to grant the officers a license which the person knows may be freely and effectively withheld." Cipres v. United States, 9 Cir., 343 F.2d 95, 97. Before determining that factual issue, the district court should have granted an evidentiary hearing unless it chose to follow the other procedures approved in Townsend v. Sain, cited above.

After the officers searched the car and found marijuana in the trunk, they ar-

1. The second search referred to by the court is discussed below.

rested Hampton and Pendleton. According to Pendleton's application, Hampton, while being taken to jail, told the police where more marijuana could be found. After Pendleton was jailed, the police followed Hampton to a house some distance from Pendleton's apartment. The officers entered the back yard of that house, looked through a window of the garage, and saw marijuana on a table inside the garage.

Pendleton further alleged that they then returned Hampton to the police station, picked up Pendleton, and took him back to the garage. The officers opened the door with a key from a key ring which they had previously removed from Pendleton, and seized the marijuana.

Pendleton argued in his application that the search of the garage that turned up large quantities of marijuana was illegal since not made pursuant to a search warrant. The district court did not consider this contention on the merits, but rather held, without apparent basis in the record, that Pendleton had consented to the search of the garage.

The warden does not attempt to uphold the garage search and seizure upon the ground suggested by the district court. Instead, he asserts that there was no search because the marijuana was in plain view through the garage window. This is the position which the California Court of Appeal adopted in affirming this second judgment in the unreported decision referred to above.

■ Assuming that there was no search, there was at least a seizure. Since Pendleton was charged and convicted of possession of the narcotics seized, the Government thereby conceded that he had such an interest in the garage as to enable him to possess the marijuana

therein. The seizure was not incident to Pendleton's arrest earlier that day and was not pursuant to a search warrant. The view of the narcotics through the window may have provided probable cause to obtain a search warrant but, since no exigent circumstances were shown to exist, such view did not authorize a seizure without such a warrant or consent.[2]

Therefore, without reaching the question of whether the officers were entitled to look in the garage window, we hold that on the record as it now exists, the officers were not entitled to seize the marijuana in the garage. If the warden can show the existence of circumstances necessitating entry into the garage and seizure of the marijuana therein without a warrant, or can show Pendleton's consent thereto, the warden will have an opportunity to do so.

■ If it is determined on remand that Pendleton's May 15, 1964, judgment and sentence are invalid, the fact that the June 29, 1964, judgment and sentence will still be in effect does not preclude appropriate habeas relief with regard to the earlier judgment and sentence. See Carafus v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426; Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215; Guerrero v. Fitzharris, 9 Cir., 394 F.2d 505.

The judgment is affirmed insofar as it denies relief with regard to the state judgment of June 29, 1964. It is reversed insofar as it denies relief with regard to the state judgment of May 15, 1964. As to the latter state judgment the cause is remanded for further proceedings consistent with this opinion.

---

2. In Gilbert v. United States, 9 Cir., 366 F.2d 923, 933, where this court sanctioned a non-warrant seizure by law enforcement officers of property plainly visible on premises where the officers had a right to be, exigent circumstances were shown to exist. In Davis v. United States, 9 Cir., 327 F.2d 301, 305–306, the sanc- tioned seizure was of marijuana which was plainly visible in a room to which the officers were lawfully admitted, and the seizure was not made until immediately after the defendant had been arrested on the premises. This seizure was therefore incident to a lawful arrest.