[Crim. No. 8297. Fourth Dist., Div. One. Nov. 1, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD CHARLES GRAY, Defendant and Appellant.

## COUNSEL

Brav & Schwartz and Nelson P. Brav for Defendant and Appellant.*

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and J. Richard Haden, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AULT, J.**—After pleading guilty to possessing marijuana for sale (Health & Saf. Code, § 11359), Edward Charles Gray was sentenced to prison for the term prescribed by law. The trial court, however, suspended execution of sentence and placed Gray on probation for three years. Among other things, his probation was conditioned upon his serving 45 weekends in the county jail. Gray was admitted to bail pending this appeal in which he challenges the propriety of the trial court's order denying his motion to suppress evidence under Penal Code section 1538.5. His contentions on appeal all relate to the affidavit which supported the search warrant issued by the magistrate for the search of his residence. Gray claims the affidavit was insufficient in several respects.

On May 6, 1975, El Centro Police Officer Ramsey, accompanied by two county narcotics agents, served Gray with a warrant authorizing the search of his residence located in Imperial County at 336 El Dorado Road, Apartment "C." The search of the apartment uncovered approximately 23 kilos of marijuana and related paraphernalia.

The affidavit in support of the search warrant was subscribed by Officer Ramsey on April 30, 1975. After describing the premises to be

searched in appropriate detail and outlining his own experience and training in narcotics law enforcement, Ramsey's affidavit stated:

"Approximately 0930 hours date of April 29, 1975, a confidential informant came to this department at the above time and date and gave the following information, reporting narcotic traffic at the aforementioned residence in the city of El Centro, California. The confidential informant states that he has personally observed pieces of tires and green wrappers and papers which were used to wrap marijuana. The wrappers were placed in large green bags and then placed in common trash can. Informant states he collects the trash and burns same, every two days. Informant states the wrappers contain a green substance and some green powder. Confidential informant states that for the past weeks confidential informant has observed the following: Several young male and female persons going inside the residence of aforementioned residence, and then exiting said residence shortly thereafter carrying a large bag get into their vehicle and speed away. On April 29, 1975 confidential informant brought some of the items that he had observed Edward Gray carry a large green bag from the residence and throw into the trash can. Some of the items were brought to the station for possible identification. Agent Polish of the Drug Enforcement Agency was present and he stated the wrappers were that commonly used in the wrapping of marijuana. Agent Polish further stated the debri[s] found in the wrapper was marijuana.

"At approximately 1200 hours date of April 29, 1975, your affiant checked with the Imperial Irrigation District to ascertain who was residing at location known as 336 El Dorado Rd. Apt. 'C,' in the city of El Centro, county of Imperial, state of California. I ascertained that the person residing at 336 El Dorado Rd. Apt. 'C' is known as Edward Gray and his wife Julia Ann Gray I checked the El Centro Police Department records and learned the suspect has been residing at that address since April 2, 1973.

"Said confidential informant has furnished information to the police department in the past which has resulted in the arrest of one suspect for smuggling. Information also resulted in the conviction of that suspect.

"I believe my informant is correct and truthful and reliable as confidential informant has been in the past. I further state that I believe that my informant is sincere in furnishing this information. My

informant wishes to be kept anonymous because confidential informant believes that the disclosure of confidential informants identity would endanger confidential informants safety and well being as confidential informant fears physical harm as a result if disclosure is made of confidential informants identity. Your affiant desires to keep the identity of said informant anonymous because affiant also believes that the disclosure of said informant's identity would endanger confidential informants further usefulness and effectiveness to law enforcement officers engaged in investigating and uncovering illegal activity of a criminal nature."

## DISCUSSION

■ An affidavit supporting a search warrant must establish probable cause to believe the items sought in the search will be found in the premises described in the affidavit (*People* v. *Scoma,* 71 Cal.2d 332, 335-336 [78 Cal.Rptr. 491, 455 P.2d 419]). ■ Where the hearsay statement of an informant is relied upon to establish probable cause, the affidavit must (1) allege the informant's statement in factual rather than conclusionary language and show the informant spoke with personal knowledge concerning the matters contained in the statement, and (2) contain factual information from which the magistrate issuing the warrant can reasonably conclude the informant was credible and that the information given by him was reliable (*People* v. *Smith,* 17 Cal.3d 845, 850 [132 Cal.Rptr. 397, 553 P.2d 557]).

Gray contends the affidavit under consideration fails to allege sufficient underlying facts (1) to support a conclusion that contraband existed in his apartment on April 30, 1975, or (2) to show the reliability of the confidential informant whose observations are essential to establish the existence of probable cause.

■ We address Gray's second claim first. Whether the affidavit supporting the warrant sets forth circumstances from which the issuing magistrate could reasonably conclude the informant was a "citizen-informant," whose reported observations are presumptively reliable (*People* v. *Smith, supra,* 17 Cal.3d 845, 850-852), presents a close question. Weighing in favor of the status is the fact the informant is identified as the person who regularly collects the trash from the apartment complex and the absence of anything in the affidavit which tends to connect him with the illegal narcotics activity going on in Gray's

apartment. On the other hand, the fact the informant's identity is not disclosed, the allegation he had previously furnished information to the police which resulted in an arrest and conviction in a smuggling case, together with the affiant officer's belief he would be useful in future criminal investigations provided his identity was kept secret, all tend to be more compatible with the concept of an ordinary informant. Moreover, the affidavit does not purport to treat the informant as a "citizen-informant." Rather, the affiant seeks to demonstrate the informant's reliability as well as his own belief the informant was both reliable and sincere.

Even if we treat the person who furnished the information to the officer who swore to the affidavit as an ordinary informant, the magistrate could reasonably infer his reliability from the fact he had previously given information to the police which resulted in the arrest and conviction of a suspect for smuggling. We reject Gray's argument that "once is not enough." ██ Just where along the line an untested informant becomes a reliable one is not subject to rigid standards and given numbers, and the determination ought to be left to the magistrate's sound discretion, provided the affidavit contains some substantial factual basis giving rise to the inference actually drawn. While *one* past incident showing reliability is *not sufficient to compel* a magistrate to accept the reported observations of an informant as true, he does not abuse his discretion if he arrives at that conclusion, particularly where there is no indication the informant was involved in the illegal activity reported.

██ Here, a finding that the informant was reliable was implied in the magistrate's act of issuing the warrant. We find no abuse of discretion. We resolve any doubt as to the sufficiency of the factual basis to support such a finding by " 'the preference to be accorded to warrants' " (*People* v. *Mesa,* 14 Cal.3d 466, 469 [121 Cal.Rptr. 473, 535 P.2d 337]).

██ In support of his claim the affidavit fails to establish probable cause to believe contraband would be found in the apartment, Gray asserts it does not demonstrate the informant was even in the apartment or ever saw what was in it. This argument ignores the reasonable inferences to be drawn from the personal observations of the informant recited in the affidavit. Over a period of time the informant found wrappings containing a "green substance" and a "green powder" in the apartment complex's common trash can. The informant collected and

burned the trash every two days. On April 29 he saw Gray carry a large green bag from his apartment and deposit it in the trash can. He retrieved some of the wrappings and took them to the police department. The wrappings were identified as a kind commonly used in wrapping marijuana by a drug enforcement officer who also identified the debris found in them as marijuana debris. Over a period of time the informant had observed young persons going to the apartment, leaving after a short time carrying large bags, and driving away quickly. These factual observations give rise to the reasonable inference that Gray was using the apartment on a continuous basis to engage in illegal marijuana activities and that the apartment contained marijuana (cf. *Frazzini* v. *Superior Court,* 7 Cal.App.3d 1005, 1014 [87 Cal.Rptr. 32]).

Gray also argues the affidavit fails to show probable cause to conclude marijuana would be found in the apartment because it does not establish the informant's expertise to recognize marijuana. Probable cause was established by both the informant's observations and those of the drug enforcement officer who examined the material the informant brought to the police department. The identification of the contraband by a drug enforcement officer was sufficient.

Gray argues the informant's reference to his carrying a "large green bag" was not a sufficiently distinctive description of packaging to provide probable cause to search for marijuana. Obviously, had the finding of probable cause implied in the issuance of the warrant been dependent upon that fact alone, it would not suffice. It was not. The affidavit also states the informant brought some of the wrappings from the bag to the police department where they were examined by a narcotics officer and found to contain marijuana debris.

■ On the issue of probable cause, Gray finally contends the information contained in the affidavit was stale and therefore will not support the conclusion marijuana was present in the apartment. We disagree. Read in context, and viewed in a "commonsense" as opposed to a "hypertechnical" manner, as courts are admonished to do (see *People* v. *Mesa, supra,* 14 Cal.3d 466, 469), the factual information supplied in the affidavit leads to the reasonable conclusion that Gray was using the apartment for a persistent and continuous course of illegal drug activity which was still going on (see *Frazzini* v. *Superior Court, supra,* 7 Cal.App.3d 1005, 1014). Moreover, reading the affidavit in context, it is reasonable to conclude the marijuana wrappings and debris which the

informant brought to the police department on April 29 were deposited by Gray in the trash can the same day. The warrant was issued the following day.

■ Finally, Gray contends the informant invaded his privacy by searching the trash can and by removing some of the contents and taking them to the police. In contending he had a reasonable expectation of privacy in his trash, he relies upon *People* v. *Krivda,* 5 Cal.3d 357 [96 Cal.Rptr. 62, 486 P.2d 1262] and *People* v. *Edwards,* 71 Cal.2d 1096 [80 Cal.Rptr. 633, 458 P.2d 713]. What this court said in *People* v. *Stewart* is equally appropriate here:

"It may well be, as the Attorney General urges us to hold, that this case can be distinguished from *Krivda* solely on the basis of the fact the apartment house trash cans involved were used in common by all of the apartment house tenants. (See *People* v. *Superior Court* [*Barrett*], 23 Cal.App.3d 1004 . . . , which held the defendant had abandoned her trash bag by placing it in her neighbor's garbage can, thereby foresaking any reasonable expectation of privacy as to its contents.) Logically, an apartment house tenant, using trash barrels in common with other tenants, has less reason to believe what he deposits in the trash will remain private than does the home dweller who provides and uses his own individual trash cans." (*People* v. *Stewart,* 34 Cal.App.3d 695, 700 [110 Cal.Rptr. 227].) (See also *People* v. *Parker,* 44 Cal.App.3d 222, 230-231 [118 Cal.Rptr. 523].)

■ In any event, the concept of privacy is not absolute and must be examined in the light of the surrounding circumstances. ■ Whatever expectation of privacy Gray may have had in his trash, he could entertain no *reasonable* expectation it would remain secret from the person who regularly collected and burned it (*People* v. *Krivda, supra,* 5 Cal.3d 357, 369; *People* v. *Edwards, supra,* 71 Cal.2d 1096, 1104; see also *People* v. *McGrew,* 1 Cal.3d 404, 412 [82 Cal.Rptr. 473, 462 P.2d 1], overruled on another point in *People* v. *McKinnon,* 7 Cal.3d 899 [103 Cal.Rptr. 897, 500 P.2d 1097]). The facts stated in the affidavit support the conclusion the informant, who regularly collected and burned the trash from the apartments, was acting on his own initiative, and not under police direction or supervision, when he discovered and removed the evidence of contraband from the trash container. Under these

circumstances, the constitutional proscriptions against unreasonable search and seizure are inapplicable (*People* v. *McKinnon,* 7 Cal.3d 899, 911-916 [103 Cal.Rptr. 897, 500 P.2d 1097]).

The judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 29, 1976.