[No. B034861. Second Dist., Div. Two. Apr. 4, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ELIODORO V. LOMBERA, Defendant and Appellant.

**COUNSEL**

Howard J. Shopenn for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Linda C. Johnson and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROTH, P. J.**—Following denial of his motion to suppress evidence (Pen. Code, § 1538.5), defendant Eliodoro V. Lombera pled guilty to the charged offense of possession of marijuana with intent to sell (Health & Saf. Code, § 11359). On this appeal, he contends probable cause did not exist to support the issuance of the search warrant which yielded the proof of his guilt. We disagree and affirm the judgment.

In August 1986 a citizen informant (CI) told Culver City Police Officer Lynn that the CI had seen one to five kilograms of cocaine during the previous week at 542 Hagar Street. Officer Lynn is an eight-year veteran of the force and a narcotics enforcement specialist. Officer Lynn's affidavit offered in support of the search warrant stated he had met with the informant and "found him/her to be a law abiding citizen with no past criminal record or current cases pending with [the Culver City Police Department]" and that having spoken with the informant, the officer had personal knowledge the informant had "seen cocaine and is familiar with the sale, packaging and appearance of cocaine." The affidavit further recited: "I believe that the information supplied by the citizen informant in this case to be reliable for the following reasons: (1) the CI appears to be an honest, law-abiding citizen who's [*sic* ] only motive for providing me with this information is to prevent this large amount of cocaine from illegally being distributed and used. This citizen informant does not have any criminal history and is solely motivated to reveal this information out of good citizenship, and (2) though the CI is not him/herself a user of cocaine, he/she has had sufficient personal experience to be able to recognize cocaine, the methods by which large amounts of the drug are packaged and the methods that cocaine dealers use to store and distribute cocaine. I have determined this through my interview of the CI and personal knowledge of the CI's background, though additional information would, if stated herein, tend to show the identity of the Citizen Informant."

Upon execution of the warrant, the police found in excess of 10 pounds of marijuana, several loaded firearms, and more than $6,700 in cash.

■ On this appeal, defendant's sole claim is that there was not probable cause to support issuance of the search warrant. ■ The magistrate's order issuing a search warrant can only be set aside if the supporting affidavit, as a matter of law, does not establish probable cause. (*People* v. *Superior Court* (*Corona*) (1981) 30 Cal.3d 193, 203 [178 Cal.Rptr. 334, 636 P.2d 23].) ■ "[P]robable cause for a search exists when an officer is aware of facts that would lead a man of ordinary caution or prudence to believe, and conscientiously to entertain, a strong suspicion that the object

of the search is in the particular place to be searched." (*Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 571 [128 Cal.Rptr. 641, 547 P.2d 417].)

At bench, Officer Lynn's affidavit identifies the source of his information about defendant's cocaine possession as a citizen informant. This is significant because "[t]he courts have recognized a distinction between informers who are virtual agents of the police and 'citizen informants' who are chance witnesses to or victims of crime. The former are often criminally disposed or implicated, and supply their 'tips' to the authorities on a recurring basis, in secret, and for pecuniary or other personal gain. The latter are innocent of criminal involvement, and volunteer their information fortuitously, openly, and through motives of good citizenship. [Citation.]" (*People* v. *Ramey* (1976) 16 Cal.3d 263, 268-269 [127 Cal.Rptr. 629, 545 P.2d 1333].)

"In the case of confidential citizen informers, the mere fact that they make their identity known to the police is, itself, some indication of their honesty. [Citation.] A further indication of reliability is that by identifying themselves to the police they expose themselves to potential liability for malicious prosecution or false reporting of a crime if their information proves to be false. [Citation.] Furthermore, by identifying themselves, these citizen informers afford the police the opportunity to check on matters affecting their credibility such as the existence of a criminal record and whether they had previously supplied information to the police." (*People* v. *Kershaw* (1983) 147 Cal.App.3d 750, 756 [195 Cal.Rptr. 311] [hg. den.].)

Consequently, a citizen informant is presumptively reliable even though reliability has not previously been tested so that corroboration of their information is unnecessary when it is based upon the informant's personal observations of the commission of a crime. (*People* v. *Hill* (1974) 12 Cal.3d 731, 761 [117 Cal.Rptr. 393, 528 P.2d 1].)

Contrary to defendant's claim, it is not necessary that the informant's name be disclosed in the affidavit for the status of citizen informant and its attendant presumption of reliability to attach. The affidavit need only set forth circumstances from which a neutral and detached magistrate could infer the existence and status of the citizen informant. (*People* v. *Smith* (1976) 17 Cal.3d 845, 850-851 [132 Cal.Rptr. 397, 553 P.2d 557]; see also *People* v. *Robinson* (1974) 41 Cal.App.3d 658, 673 [116 Cal.Rptr. 455] [hg. den.].) As this presupposes the police know the identity of the person providing the information and his/her status as a true citizen informant (*People* v. *Ramey, supra,* 16 Cal.3d at p. 269), the situation is avoided in which an anonymous tipster, unknown to law enforcement, assumes the mantle of a citizen informant.

For instance, in *People* v. *Cohn* (1973) 30 Cal.App.3d 738 [106 Cal.Rptr. 579], the informant's identity was known to the police but omitted from the affidavit submitted in request of the search warrant in order to protect the informant's personal safety. (*Id.,* at p. 743, fn. 6 and p. 746.) As the affidavit contained sufficient information from which the magistrate could reasonably conclude the individual was a citizen informant, the omission of the person's name was permissible.

These rules adequately implement the constitutional prohibition against unreasonable searches and seizures. A warrant, of course, is issued by a magistrate, not by a police officer, and will be issued only when the magistrate is satisfied by the supporting affidavit there is probable cause. If, upon presentation of the affidavit, the magistrate is not convinced that either the citizen informant exists or that the individual equates with a citizen informant, the magistrate may require the informant be brought before him or that the informant's identity be disclosed to him. The requirement that the affidavit be presented to the magistrate and his control over the issuance of the search warrant diminish the danger of illegal action. As one of the purposes of the exclusionary rule is to encourage the use of search warrants, it is neither desirable nor necessary to require the supporting affidavit to disclose the CI's identity. (*People* v. *Keener* (1961) 55 Cal.2d 714, 723 [12 Cal.Rptr. 859, 361 P.2d 587].)

At bench, the CI's identity was disclosed to the police who found the CI had no prior criminal record and confirmed the informant's expertise in identifying cocaine. The affidavit set forth valid circumstances explaining why the CI's name was not disclosed. The CI was clearly a witness to the crime of possession of cocaine. Contrary to defendant's claim, the informant's ability to recognize cocaine does not suggest, let alone establish as a matter of law, the CI was a person criminally involved or disposed and thus a person motivated by something other than good citizenship. (See, e.g., *Krauss* v. *Superior Court* (1971) 5 Cal.3d 418, 420 [96 Cal.Rptr. 455, 487 P.2d 1023] [motel maid recognizes marijuana because she had previously taken a drug demonstration class sponsored by the police department at which she saw and smelled marijuana] and *People* v. *Schulle* (1975) 51 Cal.App.3d 809, 815 [124 Cal.Rptr. 585] [daughter who recognized marijuana because for the prior six years her mother and stepfather had grown and used marijuana was still a citizen informant even though she also admitted she had smoked marijuana] [hg. den.].) The magistrate was therefore justified in relying upon the informant's presumed reliability. As the informant's statements were sufficient to establish a fair probability that contraband would be found in the location (*Illinois* v. *Gates* (1983) 462 U.S. 213 238-239 [76 L.Ed.2d 527, 548, 103 S.Ct. 2317]; *People* v. *Love* (1985)

168 Cal.App.3d 104, 106-108 [214 Cal.Rptr. 483]), the trial court properly denied defendant's motion to quash the search warrant.

The judgment (order granting probation) is affirmed.

Gates, J., and Fukuto, J., concurring.